Jeffrey M. Roth
Isaac M. Kantor
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
jmroth@garlington.com
imkantor@garlington.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSICA MONTILLA,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL PARK RESERVATIONS, RESERVATION OPERATIONS CENTER, LLC, AND JOHN DOES 1-9,<br><br>        Defendants. | CV-15-156-M-DWM<br><br>ANSWER AND DEMAND FOR JURY TRIAL |

Defendants National Park Reservations, Reservation Operations Center, LLC (collectively, "National Park") respectfully answer Plaintiff Jessica Montilla's ("Montilla") Complaint as set forth below.

1

1917478

**First Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Answering the specific allegations of Montilla's Complaint, National Park admits, denies, and alleges as follows:

1. National Park admits the allegations in Paragraph 1.

2. Regarding Paragraph 2, National Park admits that National Park Reservations' principal office is located in Flathead County, Montana. National Park further states that National Park Reservations is registered with the Montana Secretary of State as an assumed business name for Reservations Operations Center, LLC. National Park states the content of the National Park Reservation website speaks for itself. National Park denies all remaining allegations in Paragraph 2.

3. National Park objects to the allegations in Paragraph 3 to the extent they call for a legal conclusion. Notwithstanding that objection, National Park admits Reservation Operations Center, LLC is a Montana LLC operating as National Park Reservations. It is located at 112 Cooperative Way, Kalispell, Montana. National Park admits that Jim Allen ("Allen") is the registered agent and is the managing partner. National Park denies all remaining allegations in

Paragraph 3.

4. National Park lacks sufficient information to admit or deny the allegations in Paragraphs 4 and 5. Therefore, National Park denies the allegations therein.

5. Regarding Paragraphs 6 to 9, National Park admits that this Court has jurisdiction on this claim and that venue properly lies with this Court. National Park denies all remaining allegations.

6. National Park objects to the allegations in Paragraph 10 to the extent they call for a legal conclusion. Notwithstanding that objection, National Park admits that the Equal Employment Opportunity Commission issued a notice of the right to sue regarding Montilla. National Park denies all remaining allegations in Paragraph 10.

7. National Park admits the allegations in Paragraphs 11 to 14.

8. National Park denies the allegations in Paragraphs 15 to 23.

9. Regarding Paragraphs 24 and 25, National Park lacks sufficient information to admit or deny the allegations. Therefore, National Park denies the allegations therein.

10. National Park admits the allegations in Paragraph 26 and affirms it encouraged Montilla to reduce her work schedule.

1917478

11. Regarding Paragraph 27, National Park admits that Allen spoke with Montilla's medical providers in an effort to better accommodate Montilla's work schedule while pregnant. National Park denies all remaining allegations.

12. National Park denies the allegations in Paragraph 28.

13. Regarding Paragraph 29, National Park denies that Allen pressured Montilla to return to work. National Park lacks sufficient information to admit or deny the remaining allegations. Therefore, National Park denies the remaining allegations therein.

14. National Park denies the allegations in Paragraphs 30 to 36.

15. National Park denies any allegations not specifically admitted in the foregoing responses.

**Affirmative Defenses**

At this time, National Park is uncertain what affirmative defenses may apply if this case goes to trial. Discovery, trial preparation, and the facts of the case may make some of the affirmative defenses inapplicable. They are raised at this point because they may apply and to avoid the consequences of waiver. National Park will dismiss any affirmative defenses at the final pretrial conference that do not appear to be reasonably supported by the facts and law. The purpose of raising these affirmative defenses is not to create defenses where none exist. Instead, it is

recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts and law.

### First Affirmative Defense

Any alleged actions taken by National Park were taken for legitimate, non-discriminatory reasons.

### Second Affirmative Defense

Montilla cannot establish a causal connection between her statutory rights and any adverse employment action.

### Third Affirmative Defense

Montilla cannot establish that National Park's legitimate, non-discriminatory reasons for its alleged actions were a pretext for discrimination or retaliation.

### Fourth Affirmative Defense

Any alleged conduct by National Park was not the proximate cause of Montilla's claimed injuries and damages.

### Fifth Affirmative Defense

Any recovery against National Park should be barred or reduced for Montilla's failure to mitigate any alleged damages.

### Sixth Affirmative Defense

Montilla's damages are not as great as the amount claimed.

1917478

**Seventh Affirmative Defense**

Montilla's claims are barred by the pertinent statute of limitations.

**Eighth Affirmative Defense**

Montilla waived her right to her alleged claims.

**Ninth Affirmative Defense**

Montilla is estopped from claiming, in whole or in part, her damages as alleged as a result of her own actions/inactions or the actions/inactions of her representatives.

**Tenth Affirmative Defense**

The doctrine of collateral estoppel bars Montilla's claims.

**Eleventh Affirmative Defense**

The doctrine of res judicata bars Montilla's claims.

**Twelfth Affirmative Defense**

Any compensatory or punitive damages allegedly available to Montilla are limited by 42 U.S.C § 1981a.

**Thirteenth Affirmative Defense**

Punitive damages are not allowed or appropriate in this case under the provisions of Montana Code Annotated §§ 27-1-221 and 2-9-105.  Furthermore, any award of punitive damages would violate the Fifth, Sixth, and Eighth

Amendments, the Due Process and Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America, as well as Article II of the Constitution of the State of Montana §§ 4, 17, and 25.

National Park reserves its right to amend its answer to add additional affirmative defenses that become known through the course of discovery.

**Demand for Jury Trial**

Defendant hereby demands a trial by jury of all issues triable by jury in this action.

WHEREFORE, having fully answered Montilla's claims, National Park prays for the following:

1. That Montilla take nothing;
2. That the Court dismiss Montilla's claims;
3. That the Court award National Park costs of suit and attorneys' fees;
4. Any other damages the Court deems appropriate; and
5. Trial by jury on all issues.

DATED this 28th day of January, 2016.

/s/ Jeffrey M. Roth
Attorneys for Defendants

1917478